IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN KELLY,  :
:
    Plaintiff,  : CIVIL NO. 4:CV-08-2027
:
v.  : (Judge McClure)
:
YORK COUNTY PRISON,  :
:
    Defendant.  :
:

## **MEMORANDUM**

August 17, 2010

**I. BACKGROUND**

On November 6, 2008, Plaintiff Allen Kelly ("Plaintiff" or "Kelly"), a former inmate, initiated this *pro se* civil rights action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. At the time of filing, Kelly was an inmate at the York County Prison ("YCP") in York, Pennsylvania. Kelly alleged that he was denied access to the courts, he received inadequate medical care, he was not able to make photocopies, he was passed over for work release, and he was unjustly placed in the Behavioral Adjustment Unit. On January 14, 2009, we dismissed Kelly's Complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. We also denied leave to amend on grounds that amendment would be futile.

Kelly appealed to the Third Circuit Court of Appeals. On August 7, 2009, the

Third Circuit affirmed the dismissal of all claims, with the exception of Kelly's claim of retaliatory denial of employment. The judgment of the Third Circuit remanding the case to this Court was docketed on August 31, 2009. (*See* Rec. Doc. No. 14.) The remand was for the sole purpose of allowing Kelly to file an amended complaint limited to his claim of retaliatory denial of employment, and thereafter to conduct such proceedings as are necessary.

By Order dated August 31, 2009, Kelly was directed to file an amended complaint limited to his claim of retaliatory denial of employment. (Rec. Doc. No. 15.) After securing two (2) extensions of time, Kelly filed his Amended Complaint naming the York County Prison as a Defendant on December 23, 2009. (Rec. Doc. No. 21.) Service of the Amended Complaint was directed by Order dated March 9, 2010. (Rec. Doc. No. 22.)

On May 7, 2010, Defendant filed a motion to dismiss (Rec. Doc. No. 24) and a supporting brief (Rec. Doc. No. 25). In a motion dated May 24, 2010, Kelly requested that the Court appoint counsel and also grant him a ninety (90) day extension of time to file his brief in opposition to Defendant's motion to dismiss. (Rec. Doc. No. 26.) By Order dated May 26, 2010, we denied Kelly's request for counsel, but granted his request for an extension of time. (Rec. Doc. No. 27.)

However, because he did not demonstrate good cause to warrant a ninety (90) day extension, we afforded him an additional forty-five (45) days, or until July 9, 2010, to file his opposition brief. (*See id.*)

Although the deadline for Plaintiff to file his opposition expired, he neither filed his opposition brief nor requested an additional extension of time in which to do so. Accordingly, by Order dated July 26, 2010, we gave him a final opportunity to file his opposition brief on or before August 9, 2010, and warned him that his failure to do so may result in the motion to dismiss being deemed unopposed and granted without a merits analysis. Kelly still has not filed any opposition to the pending motion or otherwise communicated with the Court. Consequently, the motion to dismiss will be deemed unopposed, and for the reasons set forth below, will be granted.

## II. DISCUSSION

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a ***person*** acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). A prison is not a "person" within the meaning of § 1983. *Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58, 64, 70 (1989); *Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).  The sole Defendant named by Kelly in his Amended Complaint is the York County Prison.  (*See* Rec. Doc. No. 21.)  Because Kelly has failed to name a proper party in this action, his Amended Complaint fails to state a claim upon which relief may be granted, and the motion to dismiss filed on behalf of Defendant will be granted.  An appropriate Order follows.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN KELLY, :
:
    Plaintiff, : CIVIL NO. 4:CV-08-2027
:
v. : (Judge McClure)
:
YORK COUNTY PRISON, :
:
    Defendant. :
:

## **ORDER**

August 17, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The unopposed motion to dismiss Plaintiff's Amended Complaint (Rec. Doc. No. 24) is **GRANTED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                          s/ James F. McClure, Jr.
                                          JAMES F. McCLURE, JR.
                                          United States District Judge